## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Janice E. Simon, | Civil File No. |
| Plaintiff, | |
| vs. | **COMPLAINT AND APPEAL OF DEPARTMENT OF HUMAN SERVICES FINAL DECISION** |
| Anoka County Social Services, Lisa Gray, individually and in her representative capacity, | |
| Defendants. | JURY TRIAL REQUESTED |

Now Comes the Plaintiff Janice E. Simon, for her complaint against Defendants Anoka County Social Services and Lisa Gray states and alleges the following:

### I. PRELIMINARY STATEMENT

1       Plaintiff Janice Simon brings this cause of action against Defendant Anoka County Social Services (ACSS) and Defendant Lisa Gray (Gray) for violations of the Due Process Clause of the United States and Minnesota State Constitutions. U.S. Const. amends. V, XIV, § 1; Minn. Const. art. I, § 7.

2.      Plaintiffs also appeals the maltreatment and disqualification decisions made by the Minnesota Department of Human Services pursuant to Minn. Stat. § 256.045.

### II. JURISDICTION AND VENUE

3.      The jurisdiction of the Court is founded on 28 U.S.C. § 1331 and the United States Constitution. This action also seeks redress under 42 U.S.C. § 1983 ("Section 1983") for the deprivation, under color of state law, of rights, privileges and immunities secured by federal statutes and the United States Constitution. This Court has jurisdiction to hear pendent state

1

claims under the doctrine of supplemental jurisdiction set forth at 28 U.S.C. § 1367.

4.  Venue in this Court is proper under 20 U.S.C. § 1391 (b) because some defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### III. PARTIES

5.  Janice E. Simon is the adoptive mother and was, at all times relevant herein, the lawful guardian of her developmentally disabled son, Mahesh Reinholdson.

6.  Defendant ACSS is a municipal corporation existing pursuant to the laws of Minnesota.

7.  Defendant Lisa Gray is a social worker employed by ACSS and at all times relevant herein was acting in her capacity as a social worker.

### IV. FACTS

8.  The Plaintiff incorporates paragraphs 1 through 7 as though fully set forth herein.

9.  Mahesh Reinholdson is the adoptive son of Janice Simon.  At all times relevant herein, Mahesh resided with his mother and siblings in the City of Andover.

10. Mahesh M. Reinholdson is a developmentally delayed (DD) adult and his mother sought and was granted guardianship over her son on the 13th of March 2006.

11. On or about the 22nd of March 2011, a false report of maltreatment of Mahesh was made against Ms Simon.

12. Mary Banister, on behalf of ACSS conducted an investigation.  The investigation was deeply flawed and Ms Banister concluded that Ms Simon had maltreated Mahesh physically, verbally and financially.  The final determination from Ms Banister was dated the 29th of April 2011.

13. On the 3rd of May 2011, Defendant Gray went to Mahesh's place of employment without

the knowledge or consent of his mother and guardian and removed from his employment and home.  Defendant Gray placed Mahesh into a foster home and then subsequently placed him into a group home.  At no time did Defendant Gray initiate emergency protective services or any legal action to take custody of Mahesh consistent with the Maltreatment Act and rules.

14.  On the 10th of June 2011, Anoka County Social Services (ACSS) brought a petition to appoint a public guardian for Mahesh M. Reinholdson.

15.  Lisa Gray is a social worker employed in that capacity with Defendant ACSS.  She was at all times relevant herein the social worker appointed by ACSS to provide social services to Mahesh Reinholdson.

16.  Defendant ACSS has a policy and custom of removing developmentally delayed adults from their homes under the guise of protective services without due process of the law.  The Maltreatment of Vulnerable Adults Act affords guardians with due process prior to removal of the adult from the care and custody of the guardian.  The due process mechanisms include: 1) an *ex parte* emergency order; 2) a restraining order; 3) an order modifying the guardianship; or 4) a criminal complaint for domestic abuse/.

17.  Both Defendants are state actors

18.  The Maltreatment of Vulnerable Adults Act, Minn. Stat. § 626.557, subd. 10 sets forth the means by which a vulnerable adult can be provided protective services and/or removed from their home.

19.  The Minnesota Department of Human Services also governs emergency protective services for vulnerable adults wherein maltreatment has been found.  See Minn.R. 9555.7400.

20.  On information and belief, all ACSS social workers are required by law to be trained in the Maltreatment Act and its rules.

## V. PROCEDURAL HISTORY

21.     The Plaintiff incorporates paragraphs 1 through 20 as though fully set forth herein.

22.     On the 29th of April 2011 Defendant ACSS's investigation concluded that Ms Simon had maltreated her son both emotionally and physically. Ms Simon requested reconsideration of the decision on the 13th of May 2011. Defendant ACSS denied the request for reconsideration and Ms Simon immediately filed an appeal of the decision and an administrative hearing on the 10th of June 2011. A disqualification finding from the Department of Human Services (DHS) was rendered relying on the maltreatment determination. Ms Simon on the 18th of July 2011 requested reconsideration of the disqualification decision which was denied by DHS on the 31st of October 2011.

23.     A hearing on appeal was not provided until January 2012. On the 22nd of March 2012, the DHS appointed administrative hearing officer affirmed the maltreatment determination. (Attachment No. 1). The decision from the DHS does not correctly identify Ms Simon as the appellant in the matter and misattributes significant testimony to witnesses and Ms Simon. The disqualification was subsequently upheld. Ms Simon again requested reconsideration of the maltreatment decision and the disqualification. The reconsideration and appeal of the maltreatment and disqualification determination were filed with the DHS. On the 26th of September 2012, the hearing officer appointed upheld the maltreatment and disqualification determinations relying upon the underlying maltreatment determination. (Attachment No. 2).

24.     The maltreatment decisions must be overturned as factually and legally flawed including but not limited to the following grounds.

    1.     The preponderance of the evidence does not support the maltreatment determination and disqualification determinations.
    2.     The hearing officers precluded evidence and testimony related to the credibility of

       the reporter and witnesses.
3. No hearing officer has permitted evidence related to Anoka County Social Service (ACSS) and its agents and employees violations of Ms Simon's due process rights when ACSS by and through Defendant Gray unlawfully removed Mahesh from her physical custody.
4. Two Appellants were part of the Maltreatment Decision but no distinction is made between the two appellants, therefore, findings to related to the "appellant" referenced in the decision cannot be distinguished between Ms Simon or the other appellant at the maltreatment hearing, Kaitlyn Reinholdson.
5. The maltreatment hearing officer failed to recognize the significant conflict of interest the reporter of the maltreatment, Michael Howe, given his abusive relationship with Ms Simon's daughter, Sunita Reinholdson.
6. Ms Simon's actions were not maltreatment within the meaning of the statute.

## VI. CLAIMS

### COUNT ONE
### VIOLATIONS UNDER THE FOURTEENTH AMENDMENT
### & SECTION 1983
### (RIGHT TO DUE PROCESS)

25. The Plaintiffs incorporate paragraphs 1 through 24 as though fully set forth herein.

26. The Defendant, on a daily basis, while acting under the color of state law, intentionally and deliberately deprived Plaintiff of her civil rights guaranteed by the Fourteenth Amendment to the United States Constitution by depriving her of liberty interest in her familial integrity. As a direct and proximate result thereof, Plaintiff was injured and damaged.

27. Defendants' conduct shocks the conscience of reasonable persons and is intolerable in a civilized community wherein protective services are specifically enumerated in statute but are deliberately disregarded and/or intentionally or willfully ignored by the state actors.

28. The direct and proximate result of the Defendants' wrongful and unlawful conduct was to subject the Plaintiff to extensive humiliation, loss of reputation, degradation, harassment and threats and, as a result, Plaintiff suffered severe emotional distress, mental anguish, physical discomfort and loss of their property interest in his education.

29. As a result of the deprivations of Plaintiffsørights under the United States Constitution,

they sue for damages.

## COUNT TWO
### VIOLATIONS UNDER THE MINNESOTA STATE CONSTITUTION
### (RIGHT TO DUE PROCESS)

30. The Plaintiffs incorporate paragraphs 1 through 29 as though fully set forth herein.

31. The Defendant, on a daily basis, while acting under the color of state law, intentionally and deliberately deprived Plaintiff of her civil rights guaranteed by the Minnesota State Constitution, Minn. Const. art. I, § 7, by depriving her of liberty interest in her familial integrity. As a direct and proximate result thereof, Plaintiff was injured and damaged.

32. Defendants' conduct shocks the conscience of reasonable persons and is intolerable in a civilized community wherein protective services are specifically enumerated in statute but are deliberately disregarded and/or intentionally or willfully ignored by the state actors.

33. The direct and proximate result of the Defendants' wrongful and unlawful conduct was to subject the Plaintiff to extensive humiliation, degradation, loss of reputation, harassment and threats and, as a result, Plaintiff suffered severe emotional distress, mental anguish, physical discomfort and loss of their property interest in his education.

34. As a result of the deprivations of Plaintiffs' rights under the United States Constitution, they sue for damages.

## COUNT THREE
### APPEAL OF MALTREATMENT & DISQUALIFICATION
### DETERMINATIONS
### (MINN. STAT. § 256.045)

35. The Plaintiffs incorporate paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff appeals the maltreatment and disqualification from the DHS as unsupported by the evidence in the record and contrary to the statutory requirements.

## VII. PRAYER FOR RELIEF

1. Reverse the DHS Maltreatment and Disqualification Decisions.

2. A declaratory judgment that the Defendants violated Ms Simon's due process rights under the state and federal constitutions.

3. Enjoin the Defendants from future due process violations such as set forth herein.

4. Find that the Defendants violated Ms Simon's rights under the Due Process Clause of the Fourteenth Amendments as a result of the unlawful removal of her son from her custody and control;

5. Award each Plaintiff compensatory and punitive damages in the amount in excess of $50,000.00 to overcome the effects of the discrimination, indignity, loss of reputation, emotional harm and impaired earning capacity, and to deter Defendant from future discriminatory conduct.

6. Award Plaintiffs reasonable costs and attorney's fees under Section 1983.

7. Grant such other relief as the Court deems just and appropriate.

Respectfully submitted,

**KANE EDUCATION LAW, LLC.**

Dated: 26 October 2012

/s/ Margaret O'Sullivan Kane
Margaret O'Sullivan Kane /ID # 220243
Attorney for Plaintiff
1654 Grand Avenue
Suite 200
Saint Paul, Minnesota 55105
651/222-8611