# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| Janice E. Simon, | Case No.:12-cv-02754 (SRN/JSM) |
| Plaintiff, | |
| vs. | Defendants' Memorandum In Opposition to Plaintiff's Motion for Partial Summary Judgment |
| Anoka County Social Services and Lisa Gray, individually and in her representative capacity, | |
| Defendants. | |

## INTRODUCTION

Plaintiff has brought a motion for partial summary judgment seeking an order of this court "declaring the actions of the Defendants violative of her rights and interests."[1] It is the Defendants' position that the Plaintiff's motion is without merit.

Plaintiff's claims are predicated on Plaintiff's allegation that the County violated Minn. Stat. § 626.557. However, it is clear, under both Minnesota and Federal case law, that Plaintiff does not have standing to bring such a claim. The underlying rule is that a

---

[1] *See* Plaintiff's Memorandum, page 11. Plaintiff's notice of motion states that "[t]he Motion is made pursuant to Defendants' violations of the Due Process Clause of the United States and Minnesota State Constitutions, U.S. Const. amends. V, XIV, § 1 and Minn. Const. art. I, § 7, by depriving Ms. Simon of her liberty and property interest as parent and lawfully appointed guardian of her developmentally delayed son without due process of the law as set forth in state statutes."

statute does not confer a private cause of action unless it does so "expressly or by clear implication."[2]

Further, it is the County's position that the statute does not preclude the social worker's action; Plaintiff agreed with the social worker's action; Plaintiff voluntarily relinquished guardianship; and the finding of maltreatment was upheld and is binding on Plaintiff. Additionally, Ms. Gray has immunity for exercising her discretion in this action. To the extent that Plaintiff's claims are not based on Minn. Stat. § 626.557, all Due Process requirements required under both State and Federal Due Process Clauses were met.

It is also the County Defendant's position that the Federal District Court has no jurisdiction to hear an appeal under Minn. Stat. § 256.045, subd. 7. As clearly stated in the statute, the jurisdiction for hearing an appeal is with the District Court of the county responsible for furnishing assistance or the county where the maltreatment occurred: the District Court, Tenth Judicial District in Anoka County.[3] Further, even if this court had authority to hear the appeal of the maltreatment determination, Plaintiff's appeal was not timely. Plaintiff failed to perfect her appeal because she did not serve the Commissioner, nor were all other adverse parties served.[4] Secondly, as it relates to the disqualification

---

[2] *Id. See, also, Grozdanich v. Leisure Hills Health Center, Inc.,* 25 F. Supp. 2nd 953, 984-986 (1998).

[3] *See Wilson v. Dryden*, 169 Fed. Supp. 2nd 1010 (2001).

[4] *See* Minn. Stat. § 256.045, subd. 7 which provides that "any party who is aggrieved by an order of the commissioner of human services . . . may appeal the order to the district court of the county responsible for furnishing assistant . . . or the county where the maltreatment occurred, by serving a written copy of a notice of appeal upon the

claim, the above argument would also apply with the added provision that the County does not represent the State of Minnesota on the disqualification.

The County has also alleged that this Court does not have jurisdiction over Anoka County Social Services because of insufficient service of process. Secondly, this Court does not have jurisdiction to hear an appeal of the maltreatment determination because the appeal was not filed according to the requirements of Minn. Stat. § 256.045. Lastly, Defendant Gray has immunity for her conduct.

## FACTS

On March 13, 2006, the Anoka County District Court found MR was a developmentally delayed and incapacitated person who lacks capacity to make or communicate responsible decisions concerning his person. The court appointed Janice E. Simon, Jared Simon and Kyla Reinholdson as co-guardians for MR.[5] The court granted the co-guardians the authority to:

a) Have custody of the ward and establish the place of abode for the ward within or without the State. M.S. §524.3-313 (c)(1);

b) Provide for the ward's care, comfort and maintenance needs, M.S. §524.5-313(c)(2);

c) Take reasonable care of the ward's clothing, furniture, vehicles, and other personal effects, M.S.§ 524.5-313(c)(3);

commissioner and any adverse party of record within 30 days after the date the commissioner issued the order."
[5] Exhibit 1.

d) Give any necessary consent to enable, or to withhold consent for, the ward to receive necessary medical or other professional care, counsel, treatment or services, M.S. § 524.5-313(c)(4);

e) Approve or withhold approval of any contract, except for necessities, which the ward may make or wish to make, M.S.§ 524.3-313(c)(5);

f) Exercise supervision authority over the ward, M.S. § 524.3-313(c)(6);

g) Apply on behalf of the ward for any assistance, services or benefits available to the ward through any unit of government, M.S.§ 524.3-313(c)(7); and to exercise all powers, duties and responsibilities conferred on the co-guardians under applicable law.

On March 22, 2011, Anoka County Adult Protection received a report of alleged maltreatment of MR. The allegations included that Co-guardian Plaintiff had hit or slapped MR and had verbally disparaged and swore at MR. Additional allegations include fraudulent submissions for payment of personal care attendant hours benefitting the family members.

Anoka County Adult Protection investigated the complaint and on April 29, 2011 made a determination of substantiated physical abuse, emotional abuse and financial exploitation of MR against Co-guardian Plaintiff. Anoka County Adult Protection also substantiated allegations that MR's sibling, KMR, emotionally abused MR. Defendant Lisa Gray was concerned about MR's welfare because of the alleged physical abuse and potential retaliation against MR once Plaintiff was notified of the substantiated

allegations.[6]  With Plaintiff's concurrence, MR was removed from Plaintiff's custody on May 3, 2011.[7]

Plaintiff initially requested reconsideration of the determination.  After the determination was affirmed by Jerry Pederson, Plaintiff appealed the finding of maltreatment to the Department of Human Services. The Honorable Deborah Johnson, Human Services Judge, held an evidentiary hearing under Minn. Stat. § 256.045, subd. 3 on the maltreatment portion on January 4 and 6, 2012.  The hearing was continued, and, on February 6, 7, and 8, 2012, the Honorable Kelly Vargo, Human Services Judge, held the remainder of the evidentiary hearing on the maltreatment portion of the hearing.[8]

On March 22, 2012, Judge Vargo signed a recommended order, affirming the county's determination that Plaintiff, Jan Simon, maltreated MR by both physical and emotional abuse.  Judge Vargo did not find maltreatment by financial exploitation and recommended reversing that determination.  The Commissioner signed an order on March 26, 2012 adopting Judge Vargo's recommended findings of fact, conclusions of law, and order.  On April 10, 2012, the Commissioner issued an order, clarifying that the March 26, 2012 order was an interlocutory order and that the matter should proceed to the disqualification portion of the proceedings.[9]

---

[6] Exhibit 2. *See* Affidavit of Lisa Gray.
[7] Exhibit 4. *See* Affidavit of Lisa Gray.
[8] Defendants requested a copy of the transcript of this hearing from the State of Minnesota. We have recently been informed that the State will not pay for a copy to be produced.
[9] Exhibits 5, 6 and 7.

During the pendency of the maltreatment appeal, a Petition signed by Lisa Gray, Anoka County Social Services, seeking removal of the Co-Guardians, Plaintiff, Kyla Reinholdson and Jared Simon and seeking establishment of a Public Guardianship was filed with the Anoka County District Court, Tenth Judicial District, Minnesota, on June 10, 2011.[10] By order dated July 20, 2011, Plaintiff was temporarily removed as co-guardian, pending her appeal of the maltreatment determination and pending further review by the court to be scheduled for hearing within thirty days of the decision regarding her appeal of the maltreatment determination.[11] Kyla Reinholdson remained as temporary guardian subject to limitations on authority and subject to continued placement of MR at his group home. The order provided for supervised visitation and restricted visitation with family members.

Pursuant to the district court's order in the guardianship matter, the County filed a copy of the Appeal Decisions with the court on April 26, 2012, and requested the matter be set for a review hearing as directed by the court's order dated July 20, 2011. The matter was set for hearing on May 21, 2012. On May 21, 2012, Plaintiff and her attorney were not present before the court. All other parties were present. By order dated May 21, 2012, the court continued the guardianship review hearing to June 25, 2012 and ordered the release of the Decisions of State Agency on Appeal to all parties under protective order.[12]

---

[10] Exhibit 8.
[11] Exhibit 10.
[12] Exhibits 8 and 9.

Plaintiff and her attorney, Margaret O'Sullivan Kane, did not appear on June 25, 2012 for the review hearing. All other parties were present for the hearing. Attorney O'Sullivan Kane sent a letter to the court dated June 24, 2012, reporting she would not be present and that she had advised her client not to attend the hearing. Additionally, Attorney O'Sullivan Kane reported that her client, Plaintiff was resigning as co-guardian in this matter and would provide any additional filing necessary to confirm the withdrawal.[13] The court made the determination that the correspondence from Attorney O'Sullivan Kane to be a valid resignation of the Plaintiff as guardian. Kyla Reinholdson was present and informed the court that she requested to resign as guardian, which was accepted by the court.

Following the acceptance of the resignations of Plaintiff and Kyla Reinholdson as guardians for respondent, the County dismissed their petition for removal. By an order dated July 2, 2012, the Anoka County District Court formally discharged Plaintiff as a co-guardian of MR and appointed Jim Reinholdson and Alee Reinholdson as Co-Guardians of MR.[14]

During the pendency of the maltreatment appeal, on June 17, 2011, the Minnesota Department of Human Services (DHS) disqualified Plaintiff from positions allowing direct contact with, or access to[15], persons receiving services from programs licensed by DHS and the Minnesota Department of Health, from programs serving children or youth

---

[13] Exhibit 11.

[14] Exhibit 13. The Anoka County District Court also discharged Jared Simon and Kyla Reinholdson as co-guardians.

[15] As these terms are defined by Minn. Stat. § 245C.02.

licensed by the Department of Corrections, and from unlicensed Personal Care Provider Organizations.[16]  Plaintiff was disqualified based on the investigation completed by the county on April 29, 2011, which determined that Plaintiff was responsible for substantiated maltreatment by physical abuse, emotional abuse, and financial exploitation.  DHS determined that the maltreatment for which Plaintiff was responsible met the definition of "recurring maltreatment" under Minn. Stat. § 245C.02, subd. 16.

Plaintiff was notified on June 17, 2011, that she was disqualified from direct contact positions because she was responsible for recurring maltreatment.  On July 18, 2011, DHS received Plaintiff's request for reconsideration.[17]  On October 31, 2011, DHS affirmed the correctness of Plaintiff's disqualification and did not set it aside, because she failed to demonstrate that she did not pose a risk of harm.[18]

DHS moved for an Order for Summary Disposition based on the fact that the Commissioner had adopted Judge Vargo's findings and conclusions regarding emotional abuse and physical abuse (and the underlying facts of that determination).  The Honorable Douglass Alvarado, Human Services Judge, granted DHS's motion.  Consequently, the scope of the disqualification portion of the hearing was limited to whether Plaintiff was able to demonstrate that she did not pose a risk of harm to persons served by Children's Home Society and Family Services ("CHSFS"), where Plaintiff worked in a direct contact position.  The Honorable Douglass Alvardo held an evidentiary hearing under Minn. Stat. § 256.045, subd. 3 relating to the disqualification

---

[16] Exhibit 14.
[17] Exhibit 15.
[18] Exhibit 16.

on July 12, 2012.  By an order dated September 26, 2012, Plaintiff's disqualification from direct contact was upheld.[19]

## PROCEDURAL POSTURE

On November 8, 2012, Plaintiff attempted personal service on defendant Anoka County Social Services Department by service of the Summons and Complaint in this matter on Mr. Don Ilse, Director of Anoka County Social Services.[20]  On November 9, 2012, Plaintiff effected personal service on defendant Lisa Gray with the Summons and Complaint in this matter.[21]

In her complaint, Plaintiff alleges that the County Defendants violated her right to due process guaranteed by the Fourteenth Amendment to the United States Constitution and by the Minnesota Constitution "by depriving her of her liberty interest in her familial integrity."  Plaintiff has also appealed the maltreatment and disqualification determinations pursuant to Minn. Stat. § 256.045.

Defendant County filed its answer to the Complaint on or about November 14, 2012.

A pretrial Scheduling Order was issued on April 22, 2013.  It required the Rule 26 Disclosures be completed on or before May 1, 2013.  The County Defendants completed

---

[19]  Exhibit 17.
[20]  Exhibit 18.  It is the County Defendants' position that the defendant Anoka County Social Services Department is not a separate legal entity subject to suit.  Additionally, it is the County Defendants' position that service on Mr. Ilse would not affect service on the governmental unit (Anoka County).
[21]  Exhibit 19.

their disclosures on April 30, 2013.  Plaintiff served her Rule 26 Disclosures on June 3, 2013.[22]  The County Defendants served Interrogatories and Requests for Production of Documents on Plaintiff on May 30, 2013.  The County Defendants, through counsel, asked for a postponement of this hearing to enable necessary discovery so that a cross motion for summary judgment could be made.  Plaintiff refused.

## STANDARD OF REVIEW

The court should grant summary judgment only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23]  The moving party has the burden of showing the absence of a genuine issue of material fact.[24]  The nonmoving party must demonstrate the existence of specific facts in the record, rather than mere allegations or denials, which create a genuine issue for trial.[25]  A genuine issue of material fact exists if there is a dispute about a fact material to the outcome of the case, and the dispute is genuine in that a reasonable jury could return a verdict for either party.[26]  The facts must be viewed in the light most favorable to the non-moving party if there is a genuine dispute as to the facts.[27]

---

[22]  Exhibit 20.  In Plaintiff's Rule 26(a) Disclosure she states that she knows of no individual that is likely to have discoverable information, though, in her Disclosure, Plaintiff claims total damages of $250,000, including lost wages, compensatory damage and punitive damages.

[23]  Fed. R. Civ. P. 56(a).

[24]  *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996).

[25]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

[26]  *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

[27]  *Ricci v. DeStefano*, 129 S.Ct. 2658, 2677 (2007).

## ARGUMENT

### I.      Plaintiff fails to provide any factual support for its arguments.

Plaintiff's Memorandum in Support of Motion for Partial Summary and/or Declaratory Judgment lists nine separate paragraphs that Plaintiff alleges are undisputed facts in this matter.  The defendants disagree.

First of all, Plaintiff has not provided any affidavits or provided other documents or materials in support of her assertion of the facts as stated in her memorandum.  In fact, in her Rule 26 Disclosures, Plaintiff specifically stated that she had no witnesses that could testify in support of any of Plaintiff's claims.[28]  Additionally, Plaintiff has notably not provided any affidavits in support of the statements that she is making in her complaint.  The only testimony provided is the Declaration of Margaret O'Sullivan Kane, who has not shown any basis for her assertion that "There are no genuine issues of dispute regarding Defendants' action as set forth in the Memorandum of Law in Support of the Motion."  Such a declaration does not meet the requirements of Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 56(c)(4):

> **Affidavits or Declarations.**  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant or declarant is competent to testify in the matter stated.

Ms. Kane does not show that she has personal knowledge of the facts stated, nor has she shown that she is competent to testify on the matter stated.[29]  Ms. Kane is the

---

[28] Exhibit 20.

[29] This also raises the issue as to whether Ms. Kane has made herself a necessary witness, requiring her to withdraw from the case as the attorney. *See* Minnesota Rules of Professional Conduct 3.7(a).

attorney representing Ms. Simon, as pointed out in her Declaration, and is clearly speaking to things over which she cannot have personal knowledge.

The declaration made by Ms. Kane states that it is sworn on oath, but it is not notarized. Unsworn statements "do [ ] not meet the requirements of Fed. Rule Civ. Proc. 56(e)" and cannot be considered by a district court in ruling on a summary judgment motion."[30] Further, to be valid as a declaration, it must be made under perjury, which Ms. Kane's declaration is not.[31] The Declaration of Ms. Kane should be stricken.

Additionally, the County Defendants have denied and continue to deny a number of the facts that Ms. Simon, in her memorandum and Ms. Kane in her Declaration, has stated are undisputed.[32]

- As noted in the County's Memorandum, Plaintiff is not currently the appointed guardian of MR and does not have standing to bring an action on behalf of MR.[33] Janice Simon's rights as guardian over MR were shared with two co-guardians, Jared Reinholdson and Kyla Reinholdson. Additionally, as of June 20, 2011 Janice Simon's rights as co-guardian were limited.[34] On June 24, 2012 Janice

---

[30] *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n. 17, 90 S.Ct. 1598, 1608–09 n. 17, 26 L.Ed.2d 142 (1970).

[31] *See* Fed. R. Civ. P. 56(c)(4)advisory committee note to the 2010 amendments, stating: "A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit."

[32] Plaintiff's Memorandum pp. 2-3 lists a number of asserted facts as undisputed.

[33] *See also* Exhibit 13.

[34] Exhibit 9.

Simon withdrew as MR's guardian.[35]  On July 2, 2012 the Anoka County District

Court discharged Janice Simon as co-guardian of MR.[36]

- Contrary to Plaintiff's assertions, it is the County Defendants' position that the
  Plaintiff agreed to the removal of MR and agreed to his placement.[37] On May 3,
  2011 Janice Simon signed an authorization to allow the Anoka County Division of
  Human Services to release information to St. David's and Achieve.  Janice Simon
  met with Defendant Gray and Morry Akinwale, supervisor, about MR's placement
  and agreed "to work cooperatively with Anoka County."[38]

- Contrary to Plaintiff's assertions, it is also the County Defendants' position that
  Plaintiff did maltreat her son.  Plaintiff admitted she maltreated her MR by
  slapping him.[39] The maltreatment determination was affirmed pursuant to the
  procedures as outlined in Minn. Stat. § 256.045.[40]  Plaintiff has not timely
  appealed all decisions against her.  The Department of Human Services Decision
  is binding and res judicata on this Court.  Minn. Stat. § 256.045.[41]

---

[35]  Exhibit 11.
[36]  Exhibit 13.
[37]  Exhibit 12.
[38]  Exhibit 4, Authorization and Chronology Summary of Lisa Gray created 5-5-11. *See* Affidavit of Lisa Gray.
[39]  Exhibit 21 at p. 14 (transcript of hearing on December 9, 2011).
[40]  Exhibit 16.
[41]  Minn. Stat. § 256.045 subd. 5 requires that "a party aggrieved by an order of the commissioner may appeal under subdivision 7, or request reconsideration by the commissioner within 30 days after the date the commissioner issues the order." Subdivision 7 provides that "any party who is aggrieved by an order of the commissioner of human services ...may appeal the order to the district court of the county where the maltreatment occurred, by serving a written copy of a notice of appeal upon the commissioner and any adverse party of record within 30 days after the date the

- Mary Banister, on behalf of ACSS conducted an investigation. Ms. Banister concluded that Ms. Simon had maltreated MR physically, verbally and financially. The final determination from Ms. Banister was dated April 29, 2011. There is a factual dispute to this statement. On April 29, 2011 a finding was made by Mary Banister substantiating the allegation of emotional abuse against MR; the allegation of financial exploitation against MR; and the allegation of physical abuse.[42]

Because there are genuine disputes as to material facts, Plaintiff's motion for summary judgment must be denied.[43]

## II.   The Court Cannot Enter Judgment Against Anoka County Social Services Because It Is Not A Party That Is Amenable To Suit.

Anoka County Social Services has no capacity to be sued. Fed. R. Civ. P. 17(b) provides that, for parties who are not individuals or corporations, capacity to be sued is determined by the law of the state where the court is located. Under Minnesota law, Anoka County Social Services is not a separate legal entity subject to suit.[44] Further,

---

commissioner issued the order." To the best of Defendants' knowledge, the commissioner has never been served with notice of appeal. Anoka County has not been served with notice of appeal pursuant to this statute.

[42] Exhibit 3.

[43] There is also a factual dispute to Plaintiff's as to MR's diagnosis, though this is not a material fact for purposes of this motion. *See* Exhibit 1.

[44] *See* Minn. Stat. § 466.01, subd. 1 (defining counties as a municipality for tort liability, but not divisions of those counties).

federal courts have held that jails and sheriff's offices are not legal entities subject to suit.[45]

In *Follis v. Minnesota Atty. Gen.*[46], the court specifically held that Minnesota County Human Services Departments were not subject to suit. "While municipalities, such as Counties, are legal entities which may be sued, . . .the Plaintiffs have not named Todd County, or Morrison County, as municipalities, in this action. Accordingly, pursuant to Rule 17(b), Federal Rules of Civil Procedure, and Minnesota law, we find that the Todd County DHS, and the Morrison County DHS, are not proper parties in this action, and we recommend their dismissal."[47]

Even if Simon properly substitutes Anoka County as a defendant, she has failed to provide Anoka County with proper service.[48]  In order to sue Anoka County, Simon needed to either "deliver a copy of the summons and of the complaint to [Anoka's] chief executive officer" or complete service in the manner outlined by state law.[49]  Plaintiff is required to serve the chair of the Anoka county board or the Anoka county auditor in

---

[45] *See, e.g., In re Scott County Master Docket*, 672 F.Supp. 1152, 1163 n.1, 1180 n.10 (D. Minn. 1987) ("[The Scott County Attorney's Office and Scott County Sheriff's Department] are not legal entities subject to suit; therefore, the claims against them must be dismissed." "...due to its status as a non-legal entity, HSD (Human Services Department) is not amenable to suit in any event.").

[46] CIV 08-1348 JRT/RLE, 2010 WL 3399674 (D. Minn. Feb. 16, 2010) report and recommendation adopted, CIV 08-1348 JRT/RLE, 2010 WL 3399958 (D. Minn. Aug. 26, 2010).

[47] *Id.*

[48] The Pretrial Scheduling Order set June 1, 2013 as the last date by which all motions which seek to amend or supplement the pleadings must be served and filed on or before.

[49] Fed. R. Civ. P. 4(j).

order to complete service.[50]  Simon has failed to provide proper service to Anoka County. Simon served Mr. Don Isle of the Anoka County Social Services.  Mr. Isle is neither the chief executive of Anoka County nor the chair of the Anoka county board.  Simon has not complied with either method of service.  All claims against Anoka County Social Services should be dismissed because Anoka County Social Services is not amenable to suit, and Plaintiff has failed to name or serve Anoka County.

## III.   Plaintiff's Due Process Claims Fail.

Plaintiff is asking this Court for partial summary and/or declaratory judgment against Anoka County Social Services and Lisa Gray.   Specifically, Plaintiff is asking this Court to find, as a matter of law, that the Defendants violated Ms. Simon's rights and interests to the 1) care and custody of her dependent adult son; and 2) to the guardianship of her dependent adult son.

Even if Plaintiff's factual assertions were undisputed, which they are not, there is no basis for this Court to grant a partial summary or declaratory judgment against Anoka County for the violations outlined in her motion.  Plaintiff's motions should be denied.

### A.   *Plaintiff Lacks Standing To Bring Her Due Process Claims Based On The County Defendants' Alleged Failure To Comply With Minn. Stat. §626.557.*

Plaintiff's Due Process claim is predicated on an alleged violation of the Minnesota Maltreatment act.[51]  The statute, however, does not create a cause of action on behalf of the Plaintiff, because the Plaintiff doesn't have standing to raise a claim based on that act.  A similar argument was made in  *Grozdanich v. Leisure Hills Health Center,*

---

[50]  Minn. R. Civ. P. 4.03(e).
[51]  Minn. Stat. §626.557, Subd. 10.

*Inc.*[52] where the court specifically held that the Minnesota's Vulnerable Adults Act does not extend right of action to persons who are not vulnerable adults. The court noted that the statute was enacted "'for the protection of a limited class of persons from their inability to protect themselves.'"[53] Allowing an individual, such as the Plaintiff, who is not a vulnerable adult, to employ the VAA as a source of civil liability, does not further the "removal of the mischief against which the statute is directed."[54] The Plaintiff is not the vulnerable adult whose rights were allegedly infringed.  Plaintiff is also not the current guardian of the vulnerable adult whose rights were allegedly infringed, so she is not in a position to assert MR's possible cause of action.  Thus, while MR might possibly have a cause of action, Plaintiff, who is not a vulnerable adult or his current guardian, does not.

This issue was also discussed by the court in *Ray v. Hauff*.[55] There the court stated that "[w]hile there may be a constitutional right to familial association, such right 'is limited by the compelling governmental interest in protection of minor children,

---

[52] 25 F. Supp. 2d 953, 984 - 986 (1998).
[53] *Id.* citing *Thelen v. St. Cloud Hospital*, 379 N.W.2d 189, 191 (Minn. App. 1985), quoting *Seim v. Garavalia*, 306 N.W.2d 806, 811 (Minn.1981).
[54] Vulnerable Adults Act is a remedial statute designed to protect a specific class of individuals, and appellate court interprets the Act in favor of that class.  *In re Kleven*, App.2007, 736 N.W.2d 707, Minn. App. 2001.

   Primary purpose of the Vulnerable Adults Act is to protect vulnerable adults.  *J.R.B. v. Department of Human Services*, 633 N.W.2d 33, Minn. App. 2001, *rev. denied*.

   Vulnerable Adults Act is a remedial statute designed to protect a specific class of individuals, and thus the appellate court would interpret the statute in favor of that class. *J.R.B. v. Department of Human Services*, , 633 N.W.2d 33, Minn. App. .2001, *rev. denied*.
[55] CIV-82-922 MJD/JJK, 2010 WL 1390866 (D. Minn. Mar. 31, 2010).

particularly in circumstances where the protection is considered necessary as against the

parents themselves.'"[56]

> The court went on to say:

> While the child at issue here is an adult, she is a vulnerable adult under
> court-ordered supervision because she was considered in need of protection
> from her mother. It is true that a finding of maltreatment against Alene was
> ultimately dropped, the record is replete with examples of ongoing
> concerns of Hauff and the staff members at Quebec House as to Alene's
> interactions with Josie. Nonetheless, the Court must keep in mind the fact
> that during the time in which contact between mother and daughter was
> limited, there was an ongoing court proceeding as to whether Josie had
> been maltreated by her mother. Against this backdrop, the Court must find
> that any constitutional right to a familial association was not sufficiently
> clear such that Defendants, guardians of a vulnerable adult, could have
> understood that such right was being violated. (Citation omitted) Summary
> judgment is thus appropriate as to Plaintiffs' claim that their constitutional
> rights to familial association were violated.[57]

As in *Ray v. Hauff*, there were ongoing concerns of maltreatment of MR by the

Plaintiff and her other daughter, whom Plaintiff employed as a caretaker for MR.  The

maltreatment concerns were upheld in the administrative contested hearings during which

Plaintiff participated with the assistance of counsel.  Further, Plaintiff's status as the co-

guardian of MR was initially limited and ultimately relinquished then removed through a

District Court proceeding that was never appealed.  As in *Ray v. Hauff*, Plaintiff's claims

that her constitutionally protected liberty interest in the care and custody of MR and her

constitutionally protected property interest in the guardianship of MR were violated

should be dismissed because Plaintiff lacks standing to assert this claim.

---

[56] *Id,* citing *Myers v. Morris*, 810 F.2d 1437, 1462 (8th Cir.1987) overruled on other
grounds, *Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991).
[57] *Id.*

B.      *Violation of a statute does not create constitutional liability.*

Inherent in Plaintiff's argument is the assertion that the violation of a statute, by itself, creates constitutional liability.  This is an incorrect statement of the law.  In a similar action, *Doe v. Hennepin County*[58], the parents of a child brought a civil rights action against a county welfare agency and others who were allegedly responsible for removal of their children from their home.  On appeal, the Does' primary claim was that the district court erred in failing to find a deprivation of a liberty interest or property entitlement in the defendants' failure to comply with Minn. Stat. § 626.556  and related regulations.[59] The Does argued that county and city officials abused the Does' due process rights by failing to follow the Minnesota statute, thereby violating their liberty interest in family unity. The district court, relying on *Myers v. Morris*[60], which held that neither Minn. Stat. § 626.556, nor its related regulations, embodied or conferred constitutionally protected rights, dismissed the Does' claims. The Court of Appeals affirmed, holding that the Does' constitutional rights were not violated, stating that "the state may intervene on behalf of abused children, thereby infringing upon a parent's liberty interest in the family if the state provides an adequate post-deprivation hearing".[61]

---

[58]  858 F. 2d 1325 (1988).

[59]  Minn. Stat. § 626.556 is the general statute concerning child protection, detailing certain responsibilities of a local welfare agency upon receipt of a report.

[60]  810 F. 2d 1437 (8th Cir.), *cert. denied*, 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987).

[61]  *Id.* at 1329.

It is undisputed that Plaintiff was provided with a post-deprivation hearing. [62]

After the Plaintiff agreed to the removal of MR, the county subsequently moved forward

with a petition seeking the removal of Plaintiff as the guardian of MR.  Plaintiff, who

participated in the hearing, was temporarily removed as guardian on July 20, 2011

pursuant to an agreement reached between Plaintiff, her counsel and the other parties.[63]

Plaintiff subsequently resigned as guardian[64] and the Anoka County District Court, by an

order dated July 12, 2012,[65] formally discharged Plaintiff as a co-guardian of MR.

Plaintiff did not appear at the hearing on June 25, 2012 and has not appealed the

guardianship order.  Plaintiff's rights were not violated.

---

[62] *See* Plaintiff's Memorandum in Support of Motion for Partial Summary and/or
Declaratory Judgment, page 10 ("Defendants did initiate a cause of action in state court
under the established due process procedures but after the deprivation of Ms Simon's
interest took place."). *See also* Exhibit 13.
[63] Exhibit 10.
[64] Exhibit 11.
[65] Exhibit 13.

## CONCLUSION

For the reasons stated above and based on the attached exhibits an argument of counsel, it is respectfully requested that Plaintiff's motion for partial summary judgment and declaratory judgment be denied in its entirety.

ANTHONY C. PALUMBO
ANOKA COUNTY ATTORNEY

Dated:  June 27, 2013.                    By:   _____
                                                THOMAS G. HALUSKA
                                                Assistant Anoka County Attorney
                                                License No. 39986
                                                Anoka County Government Center
                                                2100 Third Avenue
                                                Anoka, Minnesota  55303
                                                Telephone:  (763) 323-5670

Dated:  June 27, 2013.                    By:   _____
                                                NANCY NORMAN SOMMER
                                                Assistant Anoka County Attorney
                                                License No. 0207573
                                                Anoka County Government Center
                                                2100 Third Avenue
                                                Anoka, Minnesota  55303
                                                Telephone:  (763) 323-5626

                                                Attorneys for Defendants